FILED
2022 Jan-25  PM 03:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **SUSAN JORDAN,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| **v.** | ] |
| | ] |
| **BBF NO. 1, L.L.C d/b/a** | ] **JURY TRIAL DEMANDED** |
| **BONEFISH GRILL; BLOOMIN** | ] |
| **BRANDS, INC.;  BRIAN PITSCH** | ] |
| | ] |
| **Defendants.** | ] |

## COMPLAINT

Plaintiff Susan Jordan, files this action against defendants BBF No. 1 L.L.C. d/b/a Bonefish Grill ("BBF"), Bloomin Brands, Inc. ("BBI"), Defendant Brian Pitsch and Bonefish Grill, L.L.C.., (collectively herein, sometimes referred to as "Defendants") alleges based upon her personal knowledge, information and belief as follows:

## II.    PARTIES

1.    Plaintiff Susan Jordan ("Plaintiff"), at all times relevant and material, was employed by Defendant BBF as a Front House Manager.

2.    Defendant BBF, at all times relevant and material, is a limited liability company duly organized under the laws of Florida and operated a restaurant in Hoover, Alabama doing business as Bonefish Grill.

1

3.    Defendant BBI, at all times relevant and material, is a franchisor who, among other things acts as a franchisor of the BBF-operated Bonefish Grill in Hoover, Alabama (the "Hoover Store").

4.    Defendant Brian Pitsch ("Defendant Pitsch"), at all times relevant and material was the Plaintiff's immediate supervisor and the person who terminated the Plaintiff from her employment.

5.    Collectively herein, the individually named defendants are referred to as the "Defendants".

## III.    JURISDICTION AND VENUE

6.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

7.    This Court has jurisdiction over claims alleging violations of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17.

8.    The Court has jurisdiction over claims alleging violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), as codified, 29 U.S.C. §§ 621 to 634.

9.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 31 U.S.C. § 3732(a) because the Defendants can be found in and/or transacts or has transacted business in this district.  At all times relevant to this complaint, the Defendants

regularly conducted substantial business within the district and/or made significant sales within the district.

### III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.   Prior to the filing of this lawsuit alleging violations of the ADEA, the Plaintiff has exhausted her administrative remedies by filing a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") on April 4, 2021. (See Exhibit A).

11.   More than 180 days have passed since the filing of the Charge.

12.   On November 1, 2021, the EEOC issued a Notice of Right to Sue to the Plaintiff. (See Exhibit B).

### IV.   FACTUAL ALLEGATIONS

13.   The Plaintiff was born in 1959.

14.   In March 2012, the Plaintiff was hired to work in the kitchen at the Hoover Store.

15.   In 2015, the Plaintiff was promoted to the position of Assistant Kitchen Manager at the Hoover Store.

16.   In 2017, the Plaintiff was promoted to the position of Kitchen Manager at the Hoover Store.

17.   At all times relevant and material, the Hoover Store employed between 15-100 employees.

18.     During the relevant and material times, Defendant Pitsch was part owner and manager of the Hoover Store.

19.     In September of 2020, Defendant Pitsch informed the Plaintiff that she would be acting in the capacity of a dual manager, serving as the kitchen manger and the front-end manager at the Hoover Store.

20.     The Plaintiff was given no choice in the assumption of more responsibilities and no increase in pay.

21.     On January 12, 2021 Defendant Pitsch informed the Plaintiff that she would be terminated.

22.     In ultimately terminating the Plaintiff, Defendant Pitsch informed the Plaintiff that she "had been a good mother and grandmother" but he and Defendant BFF and Defendant BFI felt that she could not keep up due to her age and that the Defendants had decided to terminate her.

23.     The Plaintiff suffered discrimination at the hands of the Defendants premises on her sex (female) and her age (over 40).

24.     Hence, this lawsuit.

## COUNT I
### (Violation of the Age Discrimination in Employment Act; Age Based Disparate Treatment Discrimination)

25.     The Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 24 as if fully set forth herein.  The Plaintiff further alleges:

4

26.    By virtue of the foregoing conduct, Defendants' disparate treatment of the Plaintiff in an illegal discriminatory manner is in violation of the Plaintiff's rights under the ADEA.

27.    By virtue of the foregoing conduct, the Plaintiff has been the target of illegal discrimination, harassment, constructive discharge, and/or refused employment by the Defendants due to her age, in violation of the ADEA, and particularly 29 U.S.C. § 623(a)(1), which makes it unlawful for an employer "to discharge any individual or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."

28.    Defendants' discriminatory treatment of the Plaintiff, and its violation of the ADEA, is willful within the meaning of the ADEA.

29.    As a proximate result of the Defendants' age discrimination against the Plaintiff, the Plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, promotional opportunities, and other employment benefits.

30.    As a further proximate result of the Defendants' actions, the Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, emotional pain and suffering, and other incidental and consequential damages and expenses.

31.    By virtue of the foregoing, the Plaintiff has suffered damages, due to the

Defendants' willful and malicious violation of the ADEA, the Plaintiffs seek damages for lost back pay, front pay, bonuses interest, stock options, restored benefits, pension contribution, all compensatory damages, including but not limited to health benefits, emotional pain and suffering, humiliation, mental pain and anguish, attorneys' fees, expert witness fees, court costs, disbursements, interest as well as liquidated damages and punitive damages, and civil penalties to the extent allowed under the ADEA, in an amount to be determined at trial.

WHEREFORE PREMISES CONSIDERED, the Plaintiff demands judgment against all named Defendants for Count I of this action.

## COUNT II
### (Violation of the Age Discrimination in Employment Act; Age Based Disparate Impact Discrimination)

32. The Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 31 of this Complaint with the same force and effect as if fully set forth herein and further alleges:

33. Defendants discriminated against the Plaintiff by intentionally undertaking a scheme to and replacing her with younger individuals.

34. The Defendants' actions thus had a disparate impact on the Plaintiff's equal employment opportunities based on her age, in violation of the ADEA.

35. As a proximate result of the Defendants' actions, the Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish,

emotional pain and suffering, and other incidental and consequential damages and expenses.

36.     As a further proximate result of the Defendants' actions, the Plaintiff has been denied employment, has lost wages, benefits, promotional opportunities, and bonuses, and has incurred damages thereby.

37.     By virtue of the foregoing, the Plaintiff has suffered damages, due to the Defendants' willful and malicious violation of the ADEA, seeks damages for lost back pay, front pay, bonuses, interest, restored benefits, pension contribution, all compensatory damages, including but not limited to health benefits, emotional pain and suffering, humiliation, mental pain and anguish, attorneys' fees, expert witness fees, court costs, disbursements, interest as well as liquidated damages and punitive damages, and civil penalties to the extent allowed under the ADEA, in an amount to be determined by a struck jury at trial.

WHEREFORE PREMISES CONSIDERED, the Plaintiff demands judgment against all named Defendants for Count II of this action.

## COUNT III
### (Violation of Title VII of the Civil Rights Act of 1964
### Sex-based Discrimination)

38.     The Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 37 of this Complaint with the same force and effect as if fully set forth herein and further alleges:

39.     At all times relevant and material, the Plaintiff was and is a member of a protected class.

40.     At all times relevant and material, the Plaintiff was eminently qualified for her position at the Hoover Store.

41.     The Defendants, including Defendant Pitsch discriminated against the Plaintiff because of her sex.

42.     The Defendants terminated the Plaintiff without justification and replaced the Plaintiff with a male employee.

43.     By virtue of the foregoing, the Plaintiff has suffered damages, due to the Defendants' willful and malicious violation of Title VII, and seeks damages for lost back pay, front pay, bonuses, interest, restored benefits, pension contribution, all compensatory damages, including but not limited to health benefits, emotional pain and suffering, humiliation, mental pain and anguish, attorneys' fees, expert witness fees, court costs, disbursements, interest as well as liquidated damages and punitive damages, and civil penalties to the extent allowed by law, in an amount to be determined by a struck jury at trial.

WHEREFORE PREMISES CONSIDERED, the Plaintiff demands judgment against all named Defendants for Count III of this action.

## **JURY DEMAND**

44.     The Plaintiff demands trial by struck jury on all triable issues.

Respectfully submitted,

*s/ H. Gregory Harp*
H. Gregory Harp (asb-0904-t75h)
GREGORY HARP LLC
Post Office Box 26
Trussville, Alabama 35173
205.291.0088
gh@gregoryharplaw.com

9