# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SUSAN JORDAN, | } |
| Plaintiff, | } } } |
| v. | } Case No.: 2:22-cv-00100-RDP |
| BBF NO. 1, L.L.C d/b/a BONEFISH GRILL, | } } } |
| Defendant. | } } |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff's Petition for Attorney Fees (Doc. # 29) and Post-Trial Brief on the damages cap applicable in this case (Doc. # 28). After careful review, and for the reasons outlined below, the court finds that Plaintiff is entitled to $392,500.00 in damages, and that Attorney Greg Harp is entitled to $24,462.00 in attorney fees.

**I.  Background**

On March 7, 2022, Plaintiff Susan Jordan served Defendant BBF No. 1, L.L.C. d/b/a Bonefish Grill ("Defendant") with a copy of her summons and original Complaint. (Doc. # 4). The Complaint alleged that Defendant discriminated against Plaintiff on the basis of her age and sex in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*. (Doc. # 1 at 7-8). In particular, Plaintiff asserted three claims in her original Complaint: (1) an ADEA disparate treatment claim; (2) an ADEA disparate impact claim; and (3) a Title VII sex discrimination claim. (Doc. # 1 at 4-8).

Defendant was duly served but failed to answer or otherwise respond to the Complaint. (Doc. # 15 at 1). On June 6, 2022, the Clerk of the Court entered default against Defendant. (Doc.

# 14). After this court denied Plaintiff's Motion for Default Judgment, and at the court's direction, Plaintiff filed an Amended Complaint. (Doc. # 17). The Amended Complaint was served on Defendant on July 25, 2022 (Doc. # 19-1), but again it failed to appear or defend. (Docs. # 19-1, 19-2). Plaintiff's Amended Complaint asserts two claims against Defendant: (1) an ADEA disparate treatment claim and (2) a Title VII disparate treatment claim (based on sex). (Doc. # 17 at 4-7). On October 17, 2022, the court entered default against Defendant on the claims asserted in Plaintiff's Amended Complaint. (Doc. # 20).

On February 24, 2023, a jury trial was conducted on the issue of damages. The jury awarded Plaintiff $92,500 in lost wages and benefits, $168,000 in compensatory damages for her emotional pain and mental anguish, and $260,500 in punitive damages. (Doc. # 27). At the conclusion of the proceedings, Plaintiff was ordered to brief the issue of whether the statutory caps on compensatory and punitive damages contained in Title VII apply here.

**II.     Discussion**

The court first addresses the applicability of the Title VII cap on damages to this case, and then considers Plaintiff's Application for Attorney fees.

    **A.     Statutory Cap on Damages**

Under Title VII, a plaintiff may be entitled to compensatory and punitive damages subject to caps based on the size of the entity against whom judgment is entered. 42 U.S.C.A. § 1981a. Compensatory and punitive damages are limited to: (i) $50,000 if the entity has more than fourteen and fewer than 101 employees; (ii) $100,000 if the entity has more than 100 and fewer than 201 employees; (iii) $200,000 if the entity has more than 200 and fewer than 501 employees; and (iv) $300,000 if the entity has more than 500 employees. *Id*.

In most Title VII cases, applying these statutory caps is fairly straightforward. Typically, the number of employees a company has will become clear in the course of discovery or at trial. However, Defendant's failure to make any appearance in this case complicates the situation. Because Plaintiff was denied the opportunity to conduct discovery or confront Defendant in open court, neither Plaintiff nor the court have ever learned how many people Defendant employs. As Plaintiff concedes, at a minimum, the maximum cap obviously applies and the amount of compensatory and punitive damages to which she could be entitled is capped at $300,000. *Id.*; (Doc. # 28 at 5). Conversely, if Defendant had fewer than fifteen employees, Plaintiff would not be entitled to Title VII damages at all.[1] 42 U.S.C. § 2000e(b). The question, then, is who has the burden to raise the cap issue and prove the number of employees when assessing Title VII's statutory caps?

The First Circuit has determined that "[it] is [the defendant] who bears the burden of establishing the prerequisites for capping the award." *Hernandez-Miranda v. Empresas Diaz Masso, Inc.*, 651 F.3d 167, 175-76 (1st Cir. 2011). Indeed, "[t]he applicability of the caps is not an element of the Title VII claim. Instead, the defendant employer must affirmatively move to impose the cap and to present relevant evidence." *Id.* (citing *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 57 (2005)). This conclusion, though not precedential, is legally and logically sound, as "the ordinary rule, based on considerations of fairness, does not place the burden upon a litigant of establishing facts peculiarly within the knowledge of his adversary." *Id.* (quoting *Schaffer*, 546 U.S. at 60).

Moreover, a court in this district has concluded that a defendant can waive its opportunity to even assert the imposition of a cap. *See Whitford v. Sub-Line Assocs., Inc.*, No.: 15-cv-1678,

---

[1] And, if Defendant employed less than twenty persons, Plaintiff would not be entitled to ADEA damages. 29 U.S.C. § 630(b).

2017 WL 3118810 (N.D. Ala. July 21, 2017). In *Whitford*, the district court held that "the defendant bear[s] the burden of persuasion and production on the caps issue." *Id*. at *12. The court further determined that, because the defendant in that case failed to preserve the issue in the pretrial order, the defendant could not raise the issue in its motion for remittitur. *Id*. The court reasoned that "Rule 59 does not provide litigants a do-over when they missed their opportunity to raise matters prior to trial or the jury verdict causes them to regret the positions they took." *Id*.

Although the court is not certain about the specific analysis in *Whitford*, it is convinced that the wholesale failure to defend in this action operates as a waiver of the opportunity to assert that anything other than the maximum cap applies. The jury awarded Plaintiff $428,500 in compensatory and punitive damages. The court limits this award to $300,000, consistent with the maximum statutory cap under Title VII.[2] Therefore, because the jury also awarded Plaintiff $92,500 in lost wages and benefits, Plaintiff is entitled to a final judgment against Defendant awarding her $392,500.

B.   **Attorney Fees**

In the Eleventh Circuit, a district court must determine the appropriate attorney fees by multiplying the number of hours reasonably expended on a matter by a reasonable hourly rate. *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (citing *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir.1988)). A reasonable rate is determined according to the prevailing rate for similar work in the market in which the case is filed. *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994). In the Birmingham legal market, a

---

[2] Of course, the jury's award of compensatory and punitive damages is only related to Plaintiff's Title VII claim. Damages in an ADEA claim are limited to lost wages and benefits. *See Goldstein v. Manhattan Indus., Inc*., 748 F.2d 1435, 1446 (11th Cir. 1985) ("neither punitive damages nor compensatory damages for pain and suffering are recoverable under the ADEA."); *Dean v. Am. Sec. Ins. Co*., 559 F.2d 1036, 1038 (5th Cir. 1977) (rejecting a claim for damages for pain and suffering in a private action brought under the ADEA).

$350 hourly rate for Title VII employment discrimination cases is presumptively reasonable. *See e.g., Frazier v. City of Gadsden*, No.: 13-cv-757, 2016 WL 2771128 (N.D. Ala. May 13, 2016).

Here, Plaintiff's counsel requests $24,462.00 in attorney fees. (Doc. # 29-1). To arrive at this lodestar amount, counsel multiplies his hourly rate, $350, by the amount of time worked, 69.32 hours. (*Id*.). The court easily finds counsel's hourly rate and time spent on this case both are reasonable. Therefore, Plaintiff's counsel is entitled to $24,462.00 in attorney fees.

### III.  Conclusion

For the reasons outlined above, the court concludes that Plaintiff is due to be awarded $392,500 by Defendant. Further, Plaintiff's counsel is entitled to $24,462.00 in attorney fees. A final judgment in accordance with this memorandum opinion will be entered separately.

**DONE** and **ORDERED** this March 17, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE